UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ANTHONY MAYES, | |
|---|---|
| Plaintiff, | 15 Civ. 7155 (KPF) |
| -v.- | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

On March 5, 2018, the Court granted Defendant's motion for summary judgment (Dkt. #107); on August 3, 2018, the Court denied Plaintiff's motion for reconsideration (Dkt. #122); and by summary order dated January 23, 2020, the Second Circuit affirmed, *see Mayes* v. *United States*, 790 F. App'x 338 (2d Cir. 2020) (summary order).[1]  Now, nearly three years after the Court denied Plaintiff's motion for reconsideration, and nearly 18 months after the Second Circuit affirmed the Court's opinions granting summary judgment and denying reconsideration, Plaintiff moves — pursuant to Federal Rule of Civil Procedure 60(b)(4) — to vacate judgment and reopen this case. (*See* Dkt. #133-136).[2]  Plaintiff argues that the Court's prior decisions are "void" because the Court failed to equitably toll Plaintiff's Federal Tort Claims Act claim. (*See* Dkt. #135-136).  For the reasons that follow, Plaintiff's motion is DENIED.

"Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am.* v. *Pub.*

---

[1]  The mandate issued on May 4, 2020.  (*See* Dkt. #132).

[2]  Plaintiff's filings were docketed on June 28, 2021.  (*See* Dkt. #133-136).

*Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). Rule 60(b)(4) authorizes a court to relieve a party from a final judgment only if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void if it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds* v. *Espinosa*, 559 U.S. 260, 270 (2010). The rule "strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." *Id.* at 276. Accordingly, the list of infirmities that may be raised by a motion under Rule 60(b)(4) "is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* at 270. A judgment is not void, for example, merely because it is erroneous. *Id.*

Additionally, a motion for relief pursuant to Rule 60(b)(4) must be made "within a reasonable time." Fed. R. Civ. P. 60(c). Plaintiff's motion, filed years after judgment was entered and affirmed by the Second Circuit, nevertheless rests on a misapplication of the Supreme Court's decision in *United States* v. *Kwai Fun Wong*, 575 U.S. 402 (2015). But *Kwai Fun Wong* was decided years before the Court resolved this case and accordingly, Plaintiff could have raised his arguments regarding equitable tolling well before summary judgment. Therefore, his motion was not made within a reasonable time. *Accord Snyder* v. *Smith*, No. 04 Civ. 81 (RJD), 2010 WL 3463198, at *1 (E.D.N.Y. Aug. 30, 2010) ("[T]he Court finds that petitioner's motion is untimely, and further finds, as steward of its own jurisdiction, that it is imperative that it deny the motion on this ground rather than follow the common practice of making lenient

2

assumptions in a *pro se* prisoner's favor on the procedural question and proceeding to deny the application on the merits. To do otherwise would be to cede victory to a spate of utterly frivolous, utterly stale ... applications."). Plaintiff's motion is therefore denied as untimely.

Even if the Court were to consider the merits of Plaintiff's motion, the motion must be denied. Relief from a judgment pursuant to Rule 60(b)(4) will be "rare"; it is available in only two circumstances. *Espinosa*, 559 U.S. at 271. The movant must demonstrate either (i) "a certain type of jurisdictional error" or (ii) "a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*; *see also City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011). Plaintiff fails to establish that the Court lacked jurisdiction over his case, nor does he establish that he was denied due process of law, especially given that this Court and the Second Circuit considered and rejected the very arguments Plaintiff now raises regarding his FTCA claims. *See Mayes*, 790 F. App'x at 339-40 (affirming rejection of FTCA claim on failure-to-exhaust grounds). Plaintiff's belated request for equitable tolling, years after the statute of limitations has already run on his FTCA claim, does not render the Court's dismissal of his claim for failure to exhaust a due process violation.

Accordingly, Plaintiff's motion is DENIED. The Clerk of Court is directed to terminate the motion pending at #135, and to mail a copy of this Order to Plaintiff at his address of record.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 29, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge